UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

===============================X
Magenav, Inc.

                     Plaintiff,

  -against-                                Case No. 1:21-cv-01123

Does 1-869, As Identified in Exhibit 2,

                     Defendants.
===============================X

## ATTORNEY'S DECLARATION IN SUPPORT OF DEFENDANT SEVENSHOPPER, INC.'S EX PARTE MOTION FOR AN ORDER VACATING THE TEMPORARY RESTRAINING ORDER AND RELEASING ITS FROZEN FINANCIAL ASSETS

Cory Rosenbaum, an attorney admitted to practice before this Court hereby affirms the following to be true upon information and belief and subject to the penalty of perjury:

## INTRODUCTION

1. I am a member of Rosenbaum, Famularo & Segall, P.C., attorneys for Sevensellers, Inc., incorrectly sued herein as Doe 315-Mega Deals and Sales

2. This Memorandum of Law is submitted in support of Movant's emergency application to vacate the Temporary Restraining Order pursuant to which Movant's amazon.com financial account is frozen.[1][2]

3. Contrary to every allegation Plaintiff made in inducing the Court to issue the onerous injunction which has crippled its business, Movant is an American company, registered and headquartered in Delaware. It employs more than a dozen Americans. Its share holders are all Americans, including the CEO and her husband who are raising a young child at their home in Pennsylvania.[3]

4. Since essentially every allegation Plaintiff made to the Court about Movant in the Complaint and the Motion for the TRO is false and the injunction should therefore be vacated.[4]

5. It is necessary for Movant to make this Emergency Ex Parte Motion due to the overwhelming financial harm caused by the Temporary Restraining Order currently restraining Movant's financial assets.

## STATEMENT OF FACTS

---

[1] See Exhibit A-TRO
[2] See Exhibit C-TRO Extension
[3] See Exhibit B-Movant's Declaration
[4] See Exhibit I-Complaint

5.      This matter was commenced on April 26, 2021 when Plaintiff filed, inter alia, its Complaint and Motion for a Temporary Restraining Order freezing the financial assets of Defendants, including Movant.[5]

6.      Movant is a Delaware corporation where its offices and warehouse space are located and, its principals reside Pennsylvania. It is in the business of selling various products on internet sales portals including amazon.com. These products include the "Nestforia Hygiene Hand Free Door Opener Non-contact No touch Keychain-Hands Free Keys No-Touch Door Opener Button Pusher Tools for Home Outdoor"

6.      Movant registered its trademark Nestforia in 2019 and uses it in conjunction with numerous "Personal Protection Equipment" products including the aforementioned "No Touch Door Opener, the sale of which represents approximately .0037% of its monthly sales generating approximately two hundred fifty dollars in revenue."[6]

7.      While it appears that the action is premised upon the alleged infringement of Plaintiff's purported trademark rights in the term "Hygiene Hand" a significant number of the documents on file remain sealed making it difficult to determine for sure. Moreover, a review of the United States Patent and Trademark Office website doesn't turn up any such trademark.

## ARGUMENT

### I. The Temporary Restraining Order Should Be Vacated

8.      Even presuming that "Hygiene Hand" is a protected mark owned by Plaintiff that is completely insufficient to warrant the imposition of any type of injunction, especially one that is

---

[5] Docket entries 1 and 8.
[6] See Exhibit B.

causing Movant to lose $35,000.00 per day even though they've only sold approximately two hundred fifty dollars worth of the product.[7]

9. However, given that there is no serious argument that "Hygiene Hand" has attained a secondary meaning, and that it is comprised of two common words that can be expected to be used in the description of the item in question. So, there is no chance of consumer confusion. This is especially true since, although the words hygiene and hand are used in Movant's description, they only make sense when read in a way that's completely different from Plaintiff's use of the words.

10. Specifically, when read in context it's clear that the word "hand" in Movant's listing is intended to be read in conjunction with the word "Free" which follows it in the product listing i.e. "Nestforia Hygiene **Hand Free**" (emphasis added) which makes perfect sense, while the phrase "Hygiene Hand Free" makes no sense at all and could never be mistaken for Plaintiff's purported mark "Hygiene Hand".[8] Therefore, it is highly unlikely that Plaintiff is likely to prevail on its claims so that requirement for a TRO is not present. Nor are the others.

10. Plaintiff's application for the TRO that is now crippling Movant's business is, upon information and belief, based almost entirely on patently false statements relating to Movant, its manner of doing business, its relation to its Co-Defendants, its location and essentially every other relevant allegation.

11. Plaintiff repeatedly swore in its Complaint to this Court that Movant is a nefarious member of a shadowy cabal of Chinese counterfeiters that can only be prevented from absconding back to the far east with its ill gotten gains earned by selling cheap knock offs of Plaintiff's products.

---

[7] See Exhibit B-Movant's Declaration
[8] See Exhibit H-Plaintiff's Listing

12. Now, in its motion to sever the action against Movant, Plaintiff has now upped the ante and is alleging that Plaintiff is not just one of the many members of the Chinese counterfeiting ring, but it is the central hub of that ring. This, despite the fact that it's neither a counterfeiter nor Chinese.

13. As Movant's principal avers in her Declaration, Plaintiff is one of the many small businesses that are the backbone of the American economy. It maintains offices and warehouses in Delaware, where it employs over a dozen people, it's principals live in Pennsylvania and it does business extensively with American financial institutions.

14. Movant's sales of the subject product are such a miniscule portion of its overall monthly sales (.0037% to be exact) that the idea it would pull up stakes, abandon its places of business and its principals' residences and disappear "back" to China, from whence it did not come.

15. In fact, every effort Plaintiff has made, and every allegation it has averred to convince the Court that Movant is a flight risk is pure rubbish and Plaintiff would have known as much had it simply clicked on the link on the amazon.com listing for the subject product. Doing so would have taken Plaintiff to Movant's amazon.com storefront where Movant's name and contact information are listed. Then, a quick check of the Delaware Department of State's website would have confirmed that Movant is an American company.[9]

15. Therefore, it is crystal clear that Plaintiff did absolutely no due diligence at all before making the wildest, most outlandish and defamatory allegations about Movant to deceive the Court about Movant's attributes. In addition to being bereft of any proof that Movant poses any greater risk than McDonald's or Ford of disappearing with the two hundred fifty dollars it has

---

[9] See Exhibit E-Movant's Storefront

earned from selling the product in question, Plaintiff's submissions are also woefully deficient as to the balance of hardships.

16. Movant has sold less than three hundred dollars' worth of the product in question. So, even if every one of those sales would have gone to Plaintiff instead of Movant, it's still a negligible amount compared to Movant's losses. As of today, Movant has already been deprived of almost a million dollars in revenue, and that amount is growing at the rate of approximately thirty-five thousand dollars per day.

17. Therefore, there is simply no reasonable question at all as to the way in which the balance of hardships tilt. Every single day Movant is being deprived of a hundred times as much as Plaintiff's total losses even when the issue is viewed in Plaintiff's favor. Movant's entire business is being threatened since it has been deprived of almost a million dollars so far. Its obligations haven't changed but because of Plaintiff's false statements to the Court, it has no revenue to meet those obligations.

## II. The Court Should Direct Amazon to Unfreeze Plaintiff's Finances

18. In addition to the reasons cited above and those set forth in Movant's Declaration, the Court should direct Amazon.com, Inc., owner of amazon.com to free Movant's account whether because this motion is granted or because the TRO has expired. Amazon.com, Inc. consistently refuses to lift injunctions absent such an Order. So, even if when the TRO expires, unless the Court addresses it in an Order Movant's account will remain frozen.

19. As the Court is aware, the TRO, which has already been extended once, expires on March 30th. And, while Plaintiff has moved to convert the TRO to a Preliminary Injunction, the hearing on that Motion is not until April 5th.[10]

---

[10] See Exhibit G-Order

20. Therefore, there will be no injunction in place between the expiration of the TRO and (at least) April 5th and even then it will only be lifted if the Preliminary Injunction is granted which, for the reasons set forth herein it should not.

21. Furthermore, instead of agreeing to vacate the TRO when Movant notified them of the facts set forth herein Plaintiff moved to sever the case against Movant from the original action against the eight hundred plus Co-Defendants.

22. In the interests of judicial economy, Plaintiff consents to that relief so it is respectfully submitted that the Court should issue an Order granting Plaintiff's motion to sever. However, the effect of that severance should include vacating the TRO and removing Movant from the Preliminary Injunction motion.

23. By virtue of such an Order and the severance of this case, the issues raised herein which are, upon information and belief, unique to Plaintiff should dictate that the new action between Plaintiff and Movant should proceed without Movant being enjoined since none of the factors that may apply to the Co-Defendants, have no bearing on Movant.

24. Finally, it is respectfully requested that the Court issue an Order forthwith vacating the Temporary Restraining Order, directing Amazon.com, Inc. to unfreeze Movant's account and granting Movant all other appropriate relief.

Dated: March 29, 2021
      Long Beach, New York

                                          Respectfully Submitted,
                                          /s/Cory Rosenbaum
                                          Rosenbaum, Famularo & Segall, P.C.
                                          138A East Park Avenue
                                          Long Beach, New York 11561
                                          212.321.5080
                                          cjr@amazonsellerslawyer.com