# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MAGENAV, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 21 Cv 1123 |
| ) | Hon. Thomas M. Durkin |
| ) | Magistrate: Hon. Gabriel A. Fuentes |
| THE MILLOSO GROUP LLC d/b/a ) | |
| "Plusco Services" (Identified As Defendant #325) ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

DEFENDANT THE MILLOSO GROUP LLC D/B/A "PLUSCO SERVICES" (incorrectly sued as "Plusco" Defendant #325), through its attorney Michael Palermo and for its Answer to the Complaint states:

### THE PARTIES

1. Plaintiff is an individual having a principal place of business at the address listed in the registration certificate attached in Exhibit 1 and owns the registered trademark being infringed by a cabal of foreign counterfeiters intent on exploiting unknowing online consumers. This infringing behavior harms Plaintiff.

   **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

2. Defendants, identified in Exhibit 2, are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. The true names, identities, and addresses of Defendants are currently unknown.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself admits that it is a business operating out of Florida, United States as The Milloso Group LLC d/b/a "Plusco Services".

3. Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce sites, such as Amazon, eBay, and Wish ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit and/or infringing products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies that its operations in any manner were illegal; denies that it sells counterfeit or infringing products that violate Plaintiff's intellectual property rights; and admits the remaining parts of this allegation.

4. Through the operation of their Infringing Webstores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Counterfeit Products as alleged, often times as partners, co-conspirators, and/or suppliers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

5. Upon information and belief, Defendants are an interrelated group of counterfeiters and trademark infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

6. Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting and infringing operations. The identities of these Defendants are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

7. Defendants have created the Defendant Internet Stores, operate under one or more aliases, and are advertising, offering for sale and selling Unauthorized Products to unsuspecting consumers. Defendant Internet Stores share unique identifiers, establishing a logical relationship between them and suggesting that Defendants' counterfeiting actions arise out of the same transaction or occurrence, or series of transactions or occurrences.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself admits that it legally operated under the "d/b/a" of "Plusco" and denies the remainder.

8. Defendants are primarily Chinese and all market counterfeit products and/or market their products under the registered trademark of Plaintiff. On information and belief, all

Defendants source their goods from a common manufacturer or consortium of manufacturers under the direction or influence of local or national governments.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

JURISDICTION AND VENUE

9. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

**ANSWER:** Defendant admits this allegation.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121l. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

**ANSWER:** Defendant admits this allegation.

11. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself admits this allegation.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

**ANSWER:** As to itself only, Defendant admits this allegation.

BACKGROUND FACTS

13. Plaintiff is engaged in the business of manufacturing, distributing, and retailing products bearing the registered trademark in Exhibit 1 throughout the world, including within the Northern District of Illinois District (collectively, "Plaintiff's Products) under the federally registered trademark identified in Exhibit 1 ("Asserted Trademark" or "Asserted Mark"). Defendants' sales of similar and substandard copies of Plaintiff's Products featuring Asserted Trademark ("Counterfeit Products") are in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the first sentence of this allegation. Defendant denies the second sentence of this allegation.

14. Plaintiff is the owner of all rights, title, and interest in and to, inter alia, the Asserted Mark in Exhibit 1. The registration is valid, subsisting, un-revoked, and un-cancelled. The registration for the Mark constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificate for the Asserted Mark is attached as Exhibit 1.

**ANSWER:** Defendant denies this allegation except admits that Exhibit 1 is a U.S. federal trademark registration certificate. Defendant states affirmatively that it used the name "Hygiene Hands" in commerce before plaintiff's registration or stated "First Use" date of May 15, 2020 stated in said Exhibit 1 registration.

15. Plaintiff's brand, symbolized by the Asserted Mark, is a recognized trademark for Plaintiff's Products. As detailed below, Plaintiff has been using the Asserted Mark for many years in connection with the advertising and sale of the Plaintiff's Product in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois.

**ANSWER:** Defendant denies this allegation and states affirmatively that nothing supporting this allegation is "detailed below" in this Complaint; and that by Plaintiff's own statement in its online "Kickstarter" campaign it developed the product in early Spring, 2020, which is not "many years".[1] Answering further, according to Exhibit 1, the Plaintiff first used the trademark in commerce on May 15, 2020 which is not "many years" but as of the current date, only eleven months.

16. The Asserted Mark has been widely promoted, both in the United States and throughout the world. The whole of the consuming public associates Asserted Mark with Plaintiff, but also recognize that Plaintiff's Products sold in the United States originates exclusively with Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

17. As of the date of this filing, Plaintiff's Products are sold throughout the nation via

---

[1] Viewed April 15, 2021: https://www.kickstarter.com/projects/34951038/hygiene-hand-antimicrobial-brass-edc-door-opener-and-stylus

an online shop on Plaintiff's website as well as retailed at events.

 **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

18. Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the Asserted mark. Genuine Asserted products are distributed through Plaintiff and through Plaintiff's authorized licensees.

 **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

19. The Asserted Mark is a highly visible and distinctive worldwide symbol signifying the Plaintiff and Plaintiff's group, and as a result, Plaintiff's Products bearing the Asserted Mark has generated millions of dollars in revenue for Plaintiff over the years. Plaintiff's Mark has become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

 **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Answering further, according to Exhibit 1, the Plaintiff first used the trademark in commerce on May 15, 2020 which is not "years" but as of the current date, only eleven months.

20. The Asserted Mark has never been assigned or licensed to any of the Defendants in this matter.

 **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself, admits this allegation.

21. The Asserted Mark is a symbol of Plaintiff's quality, reputation, and goodwill and

has never been abandoned.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

22. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the Asserted Mark.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

23. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Asserted Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

24. Recently, and for a while in the past, Plaintiff has identified the Asserted Mark on the Infringing Webstores and felt the impact of Counterfeit Products designed to resemble authorized retail Internet stores selling the genuine Asserted Product that Defendants had reproduced, displayed, and distributed without authorization or license from Plaintiff in violation of the Asserted Mark.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

25. Defendants' use of the Asserted Mark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably

harming Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

26. Defendants have manufactured, imported, distributed, offered for sale, and sold Counterfeit Products using the Asserted Mark and continue to do so.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

27. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Asserted Mark in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, inter alia, the Internet. The Counterfeit Products are not genuine products sold by Plaintiff under the Asserted Mark. The Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation. Defendant admits that it has sold products in Illinois but denies the remainder of this allegation and denies that the products sold were counterfeit.

28. Defendants falsely advertise the sale of authentic Asserted Product through the Infringing Webstores. Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine Asserted Mark Products.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

about the truth of this allegation except as to itself, and as to itself denies this allegation.

29. Defendants also deceive unknowing consumers by using the Asserted Mark without authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Asserted Mark Product and in consumer product searches within the Webstores.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

30. Indeed, U.S. Customs and Border Protection ("CBP") reports in a January 2020 publication on counterfeiting that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

Exhibit 3 at p. 39 (Combating Trafficking in Counterfeit and Pirated Goods).

**ANSWER:** Defendant objects to this allegation as not relevant to plaintiff's claims and therefore denies it.

31. Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. Upon

information and belief, Defendants regularly create new Webstores on various platforms using the identities listed in Exhibit 2 of the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal counterfeiting operations, and to prevent the Infringing Webstores from being disabled.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

32. Further, counterfeiters, such as Defendants, also consult and post information to "seller-defense" websites developed and maintained to provide counterfeiters early notice of recently filed lawsuits, so assets and evidence can be transferred, hidden or destroyed before a temporary asset restraint is instituted. Exhibit 4 provides screen-captures of an exemplary "seller-defense" website recently identified by Plaintiff.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

33. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant Internet Stores use identical or equivalent language to sell Unauthorized Products.

> **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

34. In addition, the Unauthorized Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that, upon information and

belief, Defendants are interrelated.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

35. The Defendant Internet Stores also include other notable common features, including common payment methods, lack of contact information, identically or similarly appearing products, identical or similarly priced items and volume sales discounts, and the use of the same text and images.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

36. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Goods that infringe upon the Asserted Mark unless preliminarily and permanently enjoined.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

37. Plaintiff has no adequate remedy at law.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING
## AND INFRINGEMENT (15 U.S.C. § 1114)

38. The Plaintiff repeats and re-alleges the foregoing allegations above as if fully set forth herein.

**ANSWER:** Defendant adopts its Answers to the foregoing allegations herein.

39. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Mark with the Plaintiff as the source of the very highest quality products.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

40. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark and the fact that Defendants' Counterfeit Products are sold using mark identical or confusingly similar to the Plaintiff's Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

41. Defendants' use of copies or approximations of the Plaintiff's Mark in conjunction with Defendant's Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

about the truth of this allegation except as to itself, and as to itself denies this allegation.

42. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

COUNT TWO<br>
UNFAIR COMPETITION AND FALSE<br>
DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

43. The Plaintiff repeats and re-alleges the foregoing allegations above as if fully set forth herein.

**ANSWER:** Defendant adopts its Answers to the foregoing allegations herein.

44. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

45. By misappropriating and using the Plaintiff's Mark, genuine product images, and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

46. Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

47. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

48. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

COUNT THREE
ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES (815 ILCS 510)

49. The Plaintiff repeats and re-alleges the foregoing allegations above as if fully set forth herein.

**ANSWER:** Defendant adopts its Answers to the foregoing allegations herein.

50. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

51. By misappropriating and using the Plaintiff's Mark, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

52. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

53. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendants' use of the Plaintiff's Mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

about the truth of this allegation except as to itself, and as to itself denies this allegation.

54. Plaintiff have no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation except as to itself, and as to itself denies this allegation.

AFFIRMATIVE DEFENSE

DEFENDANT THE MILLOSO GROUP LLC d/b/a "Plusco Services" states as its affirmative defense:

1. Defendant first used the term "Hygiene Hand" in commerce in early to mid-April, 2020.

2. Plaintiff's stated first use of the term "Hygiene Hand" in commerce was May 15, 2020, per its trademark registration certification which it attached to its Complaint in this matter.

3. Defendant's use of the term was nationwide, to wit, it was advertised for sale on both the Amazon and E-Bay platforms, without geographic restriction, as: "Hygiene brass door opener portable stick for push the elevator button open, healthy simple hygiene hand brass door opener & stylus environmental protection."

4. Defendant's use of the term "Hygiene Hand" in commerce was prior to plaintiff's use of the same term in commerce.

5. Defendant has ceased the sale of its product associated with the foregoing description and has no future intention of selling it again, with or without the associated foregoing description; and thus no injunction against the defendant enjoining such use is

necessary.

WHEREFORE THE MILLOSO GROUP LLC D/B/A "PLUSCO SERVICES" denies that Plaintiff is entitled to any relief from it sought in the foregoing Counts of this Complaint and requests that this Court dismiss the Plaintiff's claims against it with prejudice, and award Defendant its reasonable costs and fees incurred in defending this action.

                Respectfully Submitted,

                THE MILLOSO GROUP LLC
                 D/B/A "PLUSCO SERVICES"

        By:   /s/ Michael Palermo
               One Of Its Attorneys

| *Lead Counsel:* | *Local Counsel:* |
|---|---|
| Michael Palermo | James Pittacora |
| 99 Ascension Dr. #J103 | 5441 Lawn |
| Asheville, NC 28806 | Western Springs, IL 60558 |
| Phone: (312) 671-6453 | Phone: (708) 308-2637 |
| palermo@palermolaw.com | pittacoralaw@comcast.net |
| (IL ARDC #: 6209681) | (ARDC #: 6197578) |
| (NC State Bar #: 49791) | |
| (Cook Co. #: 49880) | |