

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Trademark Holder Identified in Exhibit 1, <br><br> Plaintiff, <br><br> v. <br><br> Does 1-869, As Identified in Exhibit 2, <br><br> Defendants. | Case No.: 21-cv-01123 <br><br> Judge: Thomas M. Durkin <br><br> Magistrate Judge: Gabriel A. Fuentes |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant ("343 Toolkit or Defendant"), respectfully submits this motion to dismiss Plaintiff's Complaint (the "Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### PRELIMINARY STATEMENT

On February 26, 2021, Plaintiff filed a Complaint against Defendant, for federal trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act, and for substantial and related claims of unfair competition, deceptive trade practices and injury to business reputation under the state and common laws of the State of Illinois. In its Complaint, Plaintiff alleged that Defendant Toolkit was using Plaintiff's trademarks in connection with the production, marketing, advertising, promotion, distribution and sale of Plaintiff's products.

On March 27, 2021, Plaintiff, through their counsel served Defendant Toolkit via-electronic mail. As a result of this service, Defendant Toolkit received notice of this lawsuit and now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In light of the vexatious and utterly frivolous nature of Plaintiff's Complaint, the Court should grant Defendant Toolkit's Rule 12(b)(6) motion to dismiss Plaintiff's Complaint because none of Plaintiff's Complaint states a claim upon which relief may be granted. Specifically, Plaintiff's Complaint for false advertising under the Lanham Act fails because Plaintiff has failed to sufficiently allege the requisite elements necessary to demonstrate a prima facie claim for relief, namely that Defendant Toolkit has made a false or misleading statement; that the purportedly false or misleading statement is material to consumer purchasing decisions and that Plaintiff has suffered injury as a proximate cause of the false and misleading statement.

Plaintiff has failed to sufficiently allege any of these elements. Defendant Toolkit's use of the "Asserted Mark" identified in Exhibit 1 of the Complaint is neither literally false, nor misleading. Indeed, consumers encountering the Asserted Mark would understand this mark as referring Plaintiff's product alone. Moreover, there is absolutely no logical basis for Plaintiff's inferential leap that consumers would associate the Asserted Mark which incorporates Plaintiff's exclusive trademark, with any other product other than Plaintiff's. Even if the Court were to somehow find Defendant Toolkit's use of the Asserted Mark is false or misleading, Plaintiff's false advertising claim would nonetheless fail because Plaintiff has failed to plead any allegations—other than mere conclusory allegations—that Defendant Toolkit's use of the Asserted Mark is material to consumer purchasing decisions and/or that Plaintiff has suffered injury as a result of these alleged "misrepresentations."

Furthermore, Plaintiff's Complaint for deceptive trade practices and false advertising under Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.) and federal trademark infringement are similarly deficient and thus also warrant dismissal. Specifically, Plaintiff's Complaint for deceptive trade practices and false advertising under Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.) are deficient because they fail to sufficiently allege any major consumer impact or harm to the public at large. The gravamen of

Plaintiff's Complaint is an unfounded and anticompetitive attack on a business model it perceives as a threat—a secondary marketplace where consumers exercise their established right to consign, sell, and buy goods. Although Plaintiff pleads in the most conclusory fashion that Defendant Toolkit's conduct harms the public," See Compl.¶ 40 and 41, it is clear that Plaintiff's real concern is *not* with public injury but rather with lawful competition from its customers' sale of their products at lower prices in the secondary market. As Plaintiff alleges, Defendant Toolkit's conduct is causing irreparable injury to Plaintiff, both by direct diversion of sales and by harming the Plaintiff Trademarks and Plaintiff's goodwill and reputation, Plaintiff does not and cannot allege harm to the public caused by consumers' participation in the legitimate secondary market, let alone a public harm "over and above ordinary trademark infringement," *RCA Trademark Mgmt., 2015 WL 5008762, at *4.* Rather, the Complaint sets forth the quintessential infringement injuries: harm to a competitor's goodwill and reputation and consumer confusion. In reviewing Plaintiff's Complaint, it is wholly apparent that the gravamen of Plaintiff's claim is not directed towards consumers or the public at large, but rather to redress (or seek retribution for) a private dispute between two competitors. Indeed, the vexatiousness and utter frivolity of Plaintiff's Complaint is epitomized by Plaintiff's conditional claim for trademark infringement which while not affirmatively alleging any likelihood of confusion, alleges nonetheless that Plaintiff has suffered immediate and irreparable injury in the event that any potential confusion is found.

Finally, Plaintiff's Complaint for common law unfair competition similarly fails because Plaintiff's common law claims are premised on the same underlying causes of action, facts and legal theories as its Lanham Act claims. Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## I.     LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a motion to dismiss a claim may be granted where, even when the

claim is liberally construed; the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003)*. While the court must accept all material facts asserted in the Complaint as true and construe all reasonable inferences in the Plaintiff's favor, the Complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. v. Twombly*, *550 U.S. 544, 570 (2007)*. To survive a motion to dismiss brought under Rule 12(b)(6), however, the "complaint must articulate sufficient factual allegations 'to raise a right to relief above the speculative level. . .'" See *Naked Cowboy v. CBS, 844 F. Supp. 2d 510, 514 (S.D.N.Y. 2012) (quoting Bell Atl. Corp., 550 U.S. at 555)*. Thus, the Complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl., 550 U.S.* at "Bald conclusions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not defeat the motion." *See Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008)*. Thus, in reviewing the sufficiency of the allegations on a motion to dismiss, the court must identify "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *See Ashcroft v. Iqbal, 556 U.S. 662, 679 (U.S. 2009)*. Accordingly, "while legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations."

## II. PLAINTIFF'S FALSE ADVERTISING CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

To establish a false advertising claim under Section 43(a), a plaintiff must prove that (1) defendant has made a false or misleading statement; (2) the false or misleading statement has actually deceived or has the capacity to deceive a substantial portion of the intended audience; (3) the deception is material, in that it is likely to influence purchasing decisions; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales

4

or by a lessening of goodwill associated with its products. *See Merck Eprova AG v. Gnosis S.p.A., 901 F. Supp. 2d 436, 449-450 (S.D.N.Y. 2012).* The facts pled in the Complaint fail to meet this standard."

### A. **Plaintiff's False Advertising Claim Fails Because Plaintiff Has Not Alleged Facts Demonstrating that the Assterted mark is a False or Misleading Statement**

Under the first element of a false advertising claim, a plaintiff must demonstrate that: "(1) the advertisement is literally false . . ., or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers." L. & J.G. Stickley, Inc. v. Cosser, 255 Fed. Appx. 541, 543 (2d Cir. 2007) quoting *Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P., 380 F.3d 126, 132 (2d Cir. 2004)*. In determining falsity, the Court analyses the-words or images considered in context. *Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 158 (2d Cir. 2007)*. The court then determines if the statement is false or true using common sense and logic. *See Hertz Corp. v. Avis, Inc., 867 F. Supp. 208, 212 (S.D.N.Y. 1994)*. A literally false statement is usually unambiguous, egregious and objectively false on its face. *See* 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition § 27:55*. Indeed, if the statement is subject to more than one possible interpretation, it is not literally false. *See Time Warner Cable, Inc.*, 497 F.3d at 157-58 ("[o]nly an unambiguous message can be literally false"). Therefore, if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false. Alternatively, if the statement is not literally false, the plaintiff must demonstrate that the statement is nevertheless likely to mislead or confuse consumers. *See Time Warner*, 497 F.3d at 153, citing *Coca-Cola Co. v. Tropicana Prods, Inc.*, 690 F.2d 312, 317 (2d Cir. 1982). A statement is misleading if it has actually deceived consumers or has the capacity to deceive consumers or create a false impression about the product, or a characteristic thereof. *Tripledge Prods, Inc. v. Whitney Res., Ltd., 735 F. Supp. 1154, 1164 (E.D.N.Y. 1990)*. To demonstrate that a statement is misleading, a plaintiff must introduce extrinsic evidence, such as survey evidence or evidence of actual

consumer deception. *See Time Warner, 497 F.3d at 153; Johnson & Johnson Merck Consumer Pharms. Co. v. Smithkline Beecham Corp., 960 F.2d 294, 297 (2d Cir. 1992)* (finding that where plaintiff proceeds on a claim of implied falsehood, it "must demonstrate, by extrinsic evidence, that the challenged [advertisements] tend to mislead or confuse consumers"). Plaintiff's claim for false advertising clearly fails because Plaintiff's Asserted Mark is neither literally false, nor misleading. Thus, logically, consumers reading these words would naturally conclude that the Asserted Mark is meant to be read and describe Plaintiff.

### B. <u>Plaintiff's False Advertising Claim Fails Because Plaintiff Has Not Alleged Facts Demonstrating that the Asserted Mark Is Material to Consumer Purchasing Decisions</u>

Indeed, even if the Court could somehow find that Defendant Toolkit's use of the Asserted Mark was either literally false or misleading, Plaintiff's claim would nevertheless fail because it cannot demonstrate that the mark is material to consumer purchasing decisions. The materiality requirement "is based on the premise that not all deceptions affect consumer decisions." *See Eprova v. BrookStone Pharms., 920 F. Supp. 2d 404, 423 (S.D.N.Y. 2013)* citing *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1250 (11th Cir. 2002).* Thus, a plaintiff must demonstrate that the false or misleading statement is material to or affects the consumer's decision to purchase the product. *See Mylan Pharm., Inc. v. Proctor & Gamble Co., 443 F. Supp. 2d 453, 462 (S.D.N.Y. 2006)*; *see also Merck & Co. v. Mediplan Health Consulting, 425 F. Supp. 2d 402, 417 (S.D.N.Y. 2006)*; *Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 855 (2d Cir. 1997)* (finding Motorola's false statement to be immaterial because "the inaccuracy in the statements would not influence customers at the present time").

Courts consider several factors in determining materiality, including whether the misrepresentation concerned an inherent quality or fundamental characteristic of the product, the importance of the matter misrepresented (e.g., the key ingredient versus a minuscule ingredient), the manner in which the misrepresentation is disseminated or communicated (e.g.,

in a nationally televised advertisement versus a locally disseminated brochure) and the extent to which the statement departs from the truth. *See e.g., Eprova v. BrookStone Pharms., 920 F. Supp. 2d 404, 423 (S.D.N.Y. 2013)* (looking at whether the misrepresentation concerned a fundamental characteristic). Plaintiff's threadbare allegations fail to sufficiently or adequately allege why such a mark would be material to consumer purchasing decisions. No other facts, details or explanations are provided. Unfortunately for Plaintiff, its threadbare and conclusory allegations do not meet the pleadings standard set forth by the Supreme Court in *Twombly and Iqbal*. *See Twombly, 550 U.S. at 554* (the Complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Here, Plaintiff's allegations are the exact type of "[b]ald conclusions, unsupported characterizations, and legal conclusions" that were found insufficient by the Supreme Court. *See Gottlieb, 590 F. Supp. 2d at 631* ("Bald conclusions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not defeat [a motion to dismiss]"). Moreover, because this statement is merely a bald legal conclusion which merely reiterates the materiality requirement, it is not entitled to the assumption of truth. Accordingly, Plaintiff has not—and indeed cannot— plead specific facts that satisfy the materiality requirement and thus has failed to state a claim upon which relief may be granted.

### C. <u>Plaintiff Fails to Allege Facts Demonstrating an Injury</u>

Dismissal of Plaintiff's claim for false advertising is further warranted because Plaintiff cannot demonstrate the requisite injury necessary to demonstrate a false advertising claim. "To establish a false advertising claim under Section 43(a) of the Lanham Act, a plaintiff must prove …[it] has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *See Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1395 (U.S. 2014)* ("To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the

defendant's misrepresentations."). "Likelihood of injury and causation will not be presumed but must be demonstrated in some manner." *Ortho Pharma. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994) (quoting Coca-Cola Co. v. Tropicana Prods., Inc., 690 F.2d 312, 316 (2d Cir. 1982))*. Accordingly, to satisfy this requirement, "a party must also make a showing of both an injury and a causal link between the injury and the allegedly false advertising." *Rexall Sundown, Inc. v. Perrigo Co., 651 F. Supp. 2d 9, 40 (E.D.N.Y. 2009)*; *Ortho Pharm.*, 32 F.3d at 694 (The "'reasonable basis' prong embodies a requirement that the plaintiff show both likely injury and a causal nexus to the false advertising").

Plaintiff's allegations are insufficient because they do not sufficiently allege any damage or injury to Plaintiff's commercial interests which have been suffered as a result of Defendant Toolkit's use of the Asserted Mark to refer to its own products. Indeed, in its Complaint, Plaintiff merely relies on conclusory allegations that Defendant Toolkit's use of the Asserted Mark has caused and will continue to cause Plaintiff to suffer substantial and irreparable injury without any further explanation. Moreover, other than vague and conclusory allegations which merely reiterate the elements of a false advertising claim, Plaintiff has not pled any facts demonstrating any specific or particular injury which was allegedly caused by Defendant Toolkit's use of the Asserted Mark. Indeed, Plaintiff has not alleged any reputational damage, competitive disadvantage, direct diversion of sales or lessening of the goodwill associated with its products. Nor has Plaintiff offered any credible theory—or any theory—as to why or how it suffered damages purportedly as a result of Defendant Toolkit's use of this innocuous and vague self-referential terminology. Nor can it, because there is simply no credible causal connection between Defendant Toolkit's use of the self-referential mark and any loss of sales or reputational damages suffered by Plaintiff. Accordingly, Plaintiff has failed to sufficiently plead a cause of action of false advertising under the Lanham Act.

### III. Plaintiff's Claims For Trademark Infringement And Unfair Competition Should Be Dismissed For Failure To State A Claim

Plaintiff brings claims for trademark infringement and counterfeiting under Section 43 of the Lanham Act, 15 U.S.C. § 1125, and false endorsement/unfair competition under Section 43(a), 15 U.S.C. § 1125(a) for sale, distribution, or advertising of any goods or in connection with which such use is likely to cause confusion." 15 U.S.C. § 1114(1)(a). Dismissal of Plaintiff's federal trademark infringement and common law unfair competition claims is warranted because Plaintiff has failed to sufficiently plead likelihood of confusion. In order to demonstrate a claim of trademark infringement, the Plaintiff must allege ownership of a protectable trademark and likelihood that an appreciable number of ordinary prudent purchasers will be confused by the similarity of the Plaintiff and Defendant's marks. *See Savin Corp. v. Savin Group, 391 F.3d 439, 456, 461 (2d Cir. 2004); Coach, Inc. v. McMeins, No. 11 Civ. 3574, 2012 U.S. Dist. LEXIS 47153, at *7 (S.D.N.Y. Mar. 9, 2012)*. Moreover, before plaintiff may recover actual damages sustained, a plaintiff must show that, as a result of Defendant's activity, plaintiff suffered an injury to its reputation, diversion of its sales, or some other commercial injury. *Bear U.S.A., Inc. v. JooAn, Co., No. 98 Civ. 7649, 2001 U.S. Dist. LEXIS 637, at *17 (S.D.N.Y. Jan. 25, 2001)*.

Defendant Toolkit uses the Asserted Mark descriptively to identify Plaintiff's products and "uses only so much of Plaintiff's mark as is necessary to identify the product. Defendant Toolkit's use of the Asserted Mark is limited to photographs of the Plaintiff's products being sold and product descriptions using the Asserted Mark. This is a permissible use. *See Tiffany, 600 F.3d at 102-03; Dow Jones Co. v. Int'l Sec. Exch., Inc., 451 F.3d 295, 308 (2d Cir. 2006)* (trademark law "does not prevent one who trades a branded product from accurately describing it by its brand name"); *Wi-Lan, Inc. v. LG Elecs., Inc., No. 10 CIV. 432 LAK AJP, 2011 WL 3279075, at *26 (S.D.N.Y. Aug. 2, 2011)* ("Merely using a logo to identify the company associated with that logo, without more, does not constitute trademark infringement."), *report and recommendation adopted as modified*, No. 10 CIV.432 LAK AJP, *2012 WL 760148 (S.D.N.Y. Mar. 7, 2012), aff'd, 493 F. App'x 103 (Fed. Cir. 2012)*.

Plaintiff does not allege that Defendant Toolkit did anything that would, in conjunction with the mark, suggest sponsorship or endorsement by Plaintiff; rather, Defendant Toolkit's conduct or language reflects the true or accurate relationship between Plaintiff and Defendant Toolkit's products.

Plaintiff's allegation that Defendant Toolkit "knowingly and willfully used and continue to use the Asserted Mark in connection with…sale of the Counterfeit Products," is without merit: not only does Defendant Toolkit seek to identify and *prevent* the sale of counterfeit merchandise, but also, when Plaintiff informed Defendant Toolkit of the allegedly counterfeit products, Defendant Toolkit quickly responded by asking for further information so that it could assess the claim. Plaintiff's allegation, without elaboration, that an investigation conducted by Plaintiff has revealed that Defendant Toolkit advertised and sold counterfeit Plaintiff products, may independently be disregarded because it is entirely conclusory and lacks supporting facts. See Compl¶ 3. Plaintiff asks this Court to find that the promotion of Plaintiff goods by a company that is not a Plaintiff-authorized retailer, is confusing as a matter of law because seemingly, only Plaintiff itself can know what is genuine. Such a finding would eviscerate all secondary markets by preventing the resale of goods without the consent of the manufacturer. The Lanham Act does not countenance this result. Because Plaintiff does not—and cannot, plead that Defendant Toolkit's use of Plaintiff's mark goes beyond legally permissible nominative fair use, Plaintiff's Lanham Act claims must be dismissed.

### A. The First Sale Rule Bars Plaintiff's Claims.

Plaintiff's attack on Defendant Toolkit's business for reselling inventory from third-party suppliers is plainly barred by the "first sale rule." Plaintiff is entitled to control the *initial* sale of its branded goods by designating authorized retailers. Thereafter, the first sale rule bars Plaintiff from dictating to consumers when or how they part with their Plaintiff-branded items: "As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner." *O.D.F. Optronics Ltd. v. Remington Arms*

*Co., No.08 CIV. 4746 (DLC), 2008 WL 4410130, at \*12 (S.D.N.Y. Sept. 26, 2008)*; *see Luxottica Grp. S.p.A. v. Bausch & Lomb Inc., 160 F. Supp. 2d 545, 552 (S.D.N.Y. 2001)*. Thus, a distributor who resells trademarked goods without modification is not liable for trademark infringement. *Id.; accord Ergowerx Int'l, LLC v. Maxell Corp., 18 F. Supp. 3d 440, 450 (S.D.N.Y. 2014); Rogers v. HSN Direct Joint Venture, No. 97 CIV. 7710 (LLS), 1999 WL 728651, at \*3 (S.D.N.Y. Sept. 17, 1999)*. Settled law makes clear that Plaintiff is not entitled to control the sale of unaltered, genuine Plaintiff goods beyond the first sale, yet that is precisely the relief that Plaintiff seeks. *See* Compl, Prayer for Relief ¶ 1 (seeking to enjoin Defendant Toolkit from selling or advertising any product that bears any mark that is a simulation, reproduction, [or] copy of any of the Plaintiff Trademarks). Plaintiff's anti-consumer efforts must be rejected. Plaintiff vaguely alleges "[u]pon information and belief" that the products Defendant Toolkit sells come from unknown third-party suppliers, which include counterfeiters, consumers and other resale businesses; But the identity of suppliers to Defendant Toolkit is legally irrelevant—indeed, the very purpose of the first sale rule is to protect secondary sales from sources *other than* the original manufacturer. Plaintiff's assertion that some products sold through Defendant Toolkit come from "counterfeiters" has no apparent basis. Plaintiff has not alleged credible facts supporting its insinuation that there is anything illegitimate about resales by suppliers or other sources, nor can it. Plaintiff also does not allege that Defendant Toolkit or its suppliers materially altered any of the products sold. The first sale rule bars Plaintiff's Lanham Act claims.

### B. <u>Plaintiff Fails to State a Claim Under the Lanham Act for False Advertising.</u>

Plaintiff's false advertising claim under the Lanham Act is also fatally deficient. To state a claim, a plaintiff must first allege falsity by "show[ing] that either: 1) the challenged advertisement is literally false, or 2) while the advertisement is literally true it is nevertheless likely to mislead or confuse consumers." *Johnson & Johnson \* Merck Consumer Pharm.*

*Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297 (2d Cir. 1992). "This inquiry requires evaluating the message conveyed in full context…Importantly, however, only an *unambiguous* message can be literally false; if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 63 (2d Cir. 2016) (internal quotation marks omitted). "Plaintiffs alleging an implied falsehood are claiming that a statement, whatever its literal truth, has left an impression on the listener that conflicts with reality—a claim that invites a comparison of the impression, rather than the statement, with the truth." *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 638 (S.D.N.Y. 2018) (internal quotation marks and alterations omitted) (dismissing claim that bracelet contained water from Mount Everest was literally false notwithstanding possibility of evaporation). "Where, as here, a plaintiff's theory of recovery is premised upon a claim of implied falsehood, a plaintiff *must* demonstrate, by extrinsic evidence, that the challenged [statements] tend to mislead or confuse consumers." *Johnson & Johnson*, 960 F.2d at 297 (emphasis added).

Here, too, Plaintiff's attacks on Defendant Toolkit's advertising are in reality attacks on the legitimacy of the entire secondary market for Plaintiff's products. Plaintiff contends that Defendant Toolkit's representations regarding the authenticity of the products it sells and its authentication process must be false and misleading because *only Plaintiff* itself can know what is genuine. Such allegations are both nonsensical and legally insufficient.

## **CONCLUSION**

For the foregoing reasons, Defendant Toolkit respectfully requests that the Court grant its motion to dismiss the Complaint and such other relief as the court deems just and proper.

Respectfully submitted

_____/s/_____
*Solomon Barnes*

.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 3rd day of May 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Kevin J. Keener DC # 6296898
>Keener & Associates, P.C.
>161 N. Clark Street, Suite #1600
>Chicago, IL 60601 (312) 375-1573
>kevin.keener@keenerlegal.com
>*Counsel for Plaintiff.*

_____/s/_____
*Solomon Barnes*

# **DECLARATION OF SOLOMON BARNES**

I, Solomon Barnes, declare as follows:

I am a sole proprietor operating the amazon store "*Toolkit* "identified in Exhibit "2", a Real Party in Interest in this action and am authorized to execute this declaration on its behalf. I declare that I have read the foregoing *DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM* and know the contents thereof.

I declare that the information stated therein is either true of my own knowledge or is based on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of May, 2021.

                                                              /s/
                                            *Solomon Barnes*